| HENRIETTA M. HALL AND R. W. GILL, ADMS. OF SOMERVILLE PINKNEY vs. WILLIAM D. CLAGETT. | MARCH TERM, 1848. |

THE jurisdiction of this court to reform and correct a settlement made by a parol agreement between two parties, and to enforce its specific execution when corrected, is indisputable where a mistake in such settlement has been, even by parol proof, clearly made out.

The mistake must be made out in the most clear and unequivocal manner, and to the entire satisfaction of the court; and relief will be granted only when it is so made out.

In this case, the answer explicitly denied the existence of the imputed errors in the settlement, and the only witness examined sustained the statement of the answer. Upon this proof it was HELD—that the court could not assume the existence of errors, simply upon the alleged improbability and unreasonableness of the settlement, and the bill was dismissed.

A party will not be allowed to prosecute the same claim in two courts at the same time, recovering one portion of it at law and one in equity.

[The facts of this case are sufficiently stated in the opinion.]

—

THE CHANCELLOR:

This is a bill to reform and correct a settlement, made on the 27th February, 1842, upon the alleged ground that the settlement so made, does not conform with the agreement of the parties.

The controversy has been of long standing, having originated in the year 1832, upon a bill filed in that year, the decree upon which was carried to the Court of Appeals, and not being then in a condition for a final decree, was remanded to this court for further proceedings.  9 *Gill & Johns.*, 80.

After various proceedings, it seems to have been agreed between the parties to settle the difference between them, by compromise, and a statement was made on the 27th February, 1842, according to which, there appeared to be due from the defendant to the complainant, Henrietta M. Hall, the sum of $674 86, for which on that day the defendant gave his note at six months to Somerville Pinkney, Esq., acting as the solicitor and agent of the complainant.

The present bill was filed on the 27th of August of the same year, being three days before the due day of the note, allowing the usual grace; and alleges that the settlement by which the above sum was ascertained to be due was at variance with the agreement of the parties, and the result of mistake; and upon that ground seeks to reform it, and to compel an execution of the agreement, according to its true intent and meaning.

The agreement was by parol, and there is nothing upon the face of settlement, which is in writing and marked exhibit B, to show that it does not conform to the agreement.   I have no doubt of the power of this court, as explained in the order of the 5th of November last, to correct this settlement upon the present bill, and to make it correspond with the agreement of the parties, and to enforce it when thus corrected.

If the mistake had been clearly made out, though by parol proof, and more especially, if it had been admitted by the defendant, the jurisdiction of this court to reform the settlement and to compel the specific execution of it, when thus reformed, would have been indisputable.

But, although the power of the court to grant relief in such a case must now be regarded as undeniable, it seems to be agreed on all hands, that relief will only be granted where there is a plain mistake made out by satisfactory proof. This qualification, says Mr. Justice Story, is very material, since it cannot fail to operate as a weighty caution upon all judges. 1 *Story's Equity*, sec. 157. There seems, indeed, to be but one sentiment among judges upon this subject—the mistake must be made out in the most clear and unequivocal manner, and to the entire satisfaction of the court. *Gillespie* vs. *Moon*, 2 *Johns. Ch. Rep.*, 585; *Lyman* vs. *U. S. Insurance Co.*, *ib.* 630. And upon one occasion, Lord Thurlow is reported to have said, the difficulty of the proof was so great that there was no instance of its prevailing against a party insisting that there is no mistake.

Be this, however, as it may, and to this extent Lord Thurlow has certainly been overruled by succeeding chancellors, there can be no question of the impropriety of interfering in such cases, unless the mistake is made out by evidence, clear of all reasonable doubt. In this case, the agreement was by parol, but the settlement in conformity with which the defendant gave his note, is in writing. The bill sets out what the complainant understood to be the actual agreement between the parties, and calls upon the defendant to say whether it is not correctly stated; and whether the error pointed out did not occur in the settlement. The defendant explicitly denies the existence of the imputed errors in the settlement; and insists, that the note given by him was for the correct amount due from him to the complainant, Hall, upon the principle of compromise, which had been agreed upon ; and the answer gives a statement of the terms of the agreement which need not be recapitulated, but which differs materially from the averments of the bill in that respect.

The only witness examined is the solicitor of the defendant, who was present at, and participated in, the settlement, acting on the occasion as such solicitor, and his deposition sustains the statement of the agreement given in the answer. Various

calculations are made to show the errors which are supposed to have crept into the settlement, and it may be that some mistakes were made; but in the face of the answer, which denies them all, and in the absence of any proof, other than the alleged improbability and unreasonableness of such a settlement, I do not see how this court can assume their existence; and, especially do I think, the case on the part of the complainant deficient in that clear and satisfactory evidence which the nature of the case requires from him.

It is true, a paper was signed by the defendant at the time of the settlement by which he agreed that any errors which might have occurred therein, should be corrected, provided they were ascertained before the maturity of the note. I do not, however, place much stress upon this, because the power of this court to correct any such errors, if clearly made out, with or without such an agreement, is precisely the same. Assuming, therefore, that the error was, in the opinion of the complainant, ascertained and communicated to the defendant before the maturity of the note; still, as the paper only provides for that which the court could do without it in the exercise of its now established jurisdiction, I do not think it can have any effect upon the decision of this case.

The question is, was, or was there not, a mistake in the settlement of February, 1842? This the bill asserts, but the answer expressly denies, and the evidence of the only witness examined confirms the answer. How then can the court say there was a mistake? The Auditor in one of his statements presents a view of the account not materially differing from the settlement made by the parties, but still not in exact conformity with the answer, which I do not feel myself at liberty to disregard, without very strong evidence of the alleged mistake. The answer says that the defendant was to be responsible to complainant Hall, only for the amount he, defendant, had received over and above his one-half of the purchase money of a certain parcel of land sold by defendant, and that the statement made at the time of the settlement, was in accordance with that understanding. Assuming this to be so, and there is certainly

no evidence in opposition to it, the amount found due by the settlement, and the sum which would be due upon the hypothesis assumed, would not materially differ.

Upon the whole, I do not think this is one of those cases of mistake made apparent by satisfactory evidence, which will justify this court, not only in setting aside the settlement actually made, but in making a new one, and then in decreeing the specific execution of such new one. The difference in the amount due from the defendant, according to the principles of settlement which are adopted, as appears by the accounts reported under the order of the 5th of November last, is very material. According to one view, the amount exceeds the sum for which the defendant gave his note, nearly twelve hundred dollars, and according to the other nearly two thousand dollars. It is exceedingly probable, if a settlement upon the principles, and with the results now insisted upon by the complainant, had been urged and insisted upon at that time, that no compromise would have been made, but the defendant would have preferred to have contested the questions in issue between him and the complainant in the original case, to do which, it is very certain abundant scope was given him by the opinion of the Court of Appeals in the case referred to.

Since the date of the order of November, 1847, evidence has been filed that the note given by defendant upon the settlement, was sued at law and a judgment obtained upon it at April term 1846, of the Prince George's County Court, upon which a *fieri facias* issued, which is still outstanding. Now it seems to me that the complainant should not be permitted thus to pursue his remedies in both courts, seeking to secure a part of his claim in one and a part in another. If he comes here to reform, and enforce the agreement as reformed, he must recover all or none, and cannot be allowed to split up his demand and recover a part at law, and a part in equity.

There is another difficulty in the way of the plaintiff. It appears by the petition of George Stewart, as the executor of William Stewart, filed in this cause on the 22d of January, 1846, and an exhibit filed therewith, that the complainant, Hall,

and her husband, on the 22d of October, 1835, assigned this claim to the said deceased to secure the payment of a certain sum of money due him, and the petition expressly prays that proper proceedings at law may be instituted upon the note given by defendant, upon the compromise, and that the money when received shall be brought into court to bide its orders. To this petition, one Richard B. Duvall was made a defendant, who prior thereto, to wit: on the 5th of July, 1845, had filed in the cause an assignment by Mrs. Hall to him of this suit, and also of the note of the defendant with authority to him to prosecute the same in his discretion. Under these circumstances, it is not easy to say that the complainant Hall, would be at liberty to abandon the proceeding at law, repudiate the settlement, and insist upon a specific execution of the agreement; and I hardly think, she can be allowed to prosecute the claim in the two courts at the same time, recovering one portion thereof at law and one in equity.

But my opinion against the relief sought by this bill rests upon the ground that the mistake is neither admitted or proved, and it must therefore be dismissed.

The decree will, however, provide for the dissolution of the injunction, granted upon the petition of Stewart in January, 1846, which will leave the plaintiff at law, at liberty to proceed to collect the money for the benefit of the party or parties who may appear to be entitled thereto.

———

THOMAS S. ALEXANDER, for Complainant.
THOMAS G. PRATT, for Defendant.